FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 1:22-CR-02108-MKD |
|---|---|
| Plaintiff, | ORDER OF MISTRIAL AND SETTING STATUS CONFERENCE |
| v. | |
| GABRIEL JOE GIBSON, | |
| Defendant. | |

The Indictment charges Defendant with four counts. ECF No. 1. On February 12, 2024, a jury trial commenced. ECF No. 66. The jury was excused for deliberations at 11:15 a.m. on February 14, 2024. ECF No. 73. As previously stated on the record, technical issues with the JERS system delayed the beginning of deliberations for approximately an hour. The jury sent the Court a question at 1:50 p.m. ECF No. 74. The jury suspended deliberations for the day at 4:40 p.m. ECF No. 73.

Deliberations resumed on February 15, 2024, at 9:00 a.m. ECF No. 80. At 9:45 a.m., the jury sent the Court a question requesting an additional instruction,

ORDER - 1

which the Court answered in writing after consulting with the parties. ECF No. 75. At 11:37 a.m., the jury sent the Court a note asking "what do we do if we cannot come to a unanimous decision on all counts and we do not appear to be progressing to make that unanimous decision." ECF No. 76. After individually polling the jury, during which at least 10 jurors indicated they were deadlocked, at 12:37 p.m., the Court read to the jury Ninth Circuit Model Criminal Jury Instruction 6.25, "Deadlocked Jury," which is the model instruction for an *Allen* charge. ECF No. 80. At 2:23 p.m., the jury sent the Court a note explaining, "[w]e can not come to a unanimous decision." ECF No. 77. At 2:52 p.m., the Court asked the jury whether a decision had been reached on one or more counts. ECF No. 80. The foreperson answered in the affirmative. ECF No. 80.

At 3:03 p.m., the Courtroom Deputy read the verdict. ECF No. 80. The jury returned a guilty verdict on Counts 3 and 4. ECF No. 80. The Court asked each juror whether the jury was hopelessly deadlocked on Counts 1 and 2. With the exception of the presiding juror who responded, "most likely," each juror agreed that the jury was hopelessly deadlocked on Counts 1 and 2.

According to the Ninth Circuit,

> In determining whether to declare a mistrial because of jury deadlock, relevant factors for the district court to consider include the jury's collective opinion that it cannot agree, the length of the trial and complexity of the issues, the length of time the jury has deliberated, whether the defendant has objected to a mistrial, and the

ORDER - 2

> effects of exhaustion or coercion on the jury. The most critical factor is the jury's own statement that it [was] unable to reach a verdict.

*United States v. Hernandez-Guardado*, 228 F.3d 1017, 1029 (9th Cir. 2000) (citations and internal quotation marks omitted). Declaring a mistrial where "the jury was unable to reach a verdict . . . has long been considered the 'classic basis' establishing such a [manifest] necessity." *Blueford v. Arkansas*, 566 U.S. 599, 609 (2012).

The Court has considered all of the factors and finds declaration of a mistrial is appropriate. The jury deliberated for approximately ten hours, which is consistent with the scope of the evidence and number of issues. The jury asked two questions relevant to Counts 1 and 2. ECF Nos. 74, 75. Further, that the jury reached a unanimous decision on two counts indicates that the jury seriously considered all counts. The jury indicated three times that it could not reach a unanimous decision, twice in writing and once when polled. Defendant, following the jury's verdict, re-raised his Fed. R. Crim. P. 29 motion but did not object to the declaration of a mistrial. The Court finds that mistrial is appropriate as the jury's deliberations indicate that it attempted to come to a unanimous decision and could not.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Court declares **MISTRIAL** on Counts 1 and 2.

ORDER - 3

**2.** The Court **SETS** a status conference on Tuesday, **February 27, 2024, at 3:00 p.m., in Yakima**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** February 16, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 4